UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY PAYNE,

                Plaintiff,

v.

AMY PHENIX,

                Defendant.

Case No. C22-5670-TL-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action filed by Jeffrey Payne, a civil detainee at the Special Commitment Center ("SCC") on McNeil Island in Pierce County, Washington. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes that it lacks subject matter jurisdiction over Plaintiff's claims. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

## II.    BACKGROUND

Plaintiff submitted his original complaint to this Court for filing on September 12, 2022. *See* Dkt. 1. Plaintiff's complaint was assigned a case number but was not immediately filed

REPORT AND RECOMMENDATION
PAGE - 1

because Plaintiff failed to comply with the filing fee requirement, and he failed to sign his complaint. *See* Dkt. # 3. The Court received the filing fee, though no signed complaint, on September 19, 2022. *See* Docket entries dated 09/19/2022. Plaintiff's signed complaint was received and filed on September 26, 2022. *See* Dkt. 5.

Plaintiff alleged generally in his complaint that his rights had been violated while he was under the control and supervision of the Washington Department of Social and Health Services ("DSHS") at the SCC. *See* Dkt. 5, ¶ 3.1. Plaintiff, more specifically, challenged the conduct of Dr. Amy Phenix, a licensed psychologist who was contracted by DSHS to evaluate Plaintiff to determine whether a Less Restrictive Alternative ("LRA") placement was in his best interest. *See id.*, ¶¶ 3.2, 6.1. Plaintiff asserted that, following a video consultation with Dr. Phenix, she submitted findings and conclusions which supported Plaintiff for an LRA. *See id.*, ¶ 6.1. Based on Dr. Phenix's support for the LRA, Plaintiff anticipated he would be released from the SCC to an LRA in Spokane, Washington. *See id.*, ¶ 6.3

According to Plaintiff, before the LRA process could be finalized and he could be released, Dr. Phenix submitted another report in which she indicated she was not supporting Plaintiff's LRA. *See* Dkt. 5, ¶ 6.4. Plaintiff speculated that Dr. Phenix changed her support for the LRA after reviewing an evaluation done by another psychologist as part of a standard annual review conducted by the SCC. *Id.* Plaintiff asserted that if Dr. Phenix changed her support for his LRA based on a report prepared by another psychologist for a purpose other than what Dr. Phenix was contracted for, Dr. Phenix "violated the ethical oath of her license as a psychologist and her license to practice in the state of Washington." *Id.*, ¶ 6.7. Plaintiff claimed that Dr. Phenix's "lack of professional and ethical conduct" caused him not to be released from SCC's total confinement to an LRA where he would have had more freedom to pursue entrepreneurial

REPORT AND RECOMMENDATION
PAGE - 2

because Plaintiff failed to comply with the filing fee requirement, and he failed to sign his complaint. *See* Dkt. # 3. The Court received the filing fee, though no signed complaint, on September 19, 2022. *See* Docket entries dated 09/19/2022. Plaintiff's signed complaint was received and filed on September 26, 2022. *See* Dkt. 5.

Plaintiff alleged generally in his complaint that his rights had been violated while he was under the control and supervision of the Washington Department of Social and Health Services ("DSHS") at the SCC. *See* Dkt. 5, ¶ 3.1. Plaintiff, more specifically, challenged the conduct of Dr. Amy Phenix, a licensed psychologist who was contracted by DSHS to evaluate Plaintiff to determine whether a Less Restrictive Alternative ("LRA") placement was in his best interest. *See id.*, ¶¶ 3.2, 6.1. Plaintiff asserted that, following a video consultation with Dr. Phenix, she submitted findings and conclusions which supported Plaintiff for an LRA. *See id.*, ¶ 6.1. Based on Dr. Phenix's support for the LRA, Plaintiff anticipated he would be released from the SCC to an LRA in Spokane, Washington. *See id.*, ¶ 6.3

According to Plaintiff, before the LRA process could be finalized and he could be released, Dr. Phenix submitted another report in which she indicated she was not supporting Plaintiff's LRA. *See* Dkt. 5, ¶ 6.4. Plaintiff speculated that Dr. Phenix changed her support for the LRA after reviewing an evaluation done by another psychologist as part of a standard annual review conducted by the SCC. *Id.* Plaintiff asserted that if Dr. Phenix changed her support for his LRA based on a report prepared by another psychologist for a purpose other than what Dr. Phenix was contracted for, Dr. Phenix "violated the ethical oath of her license as a psychologist and her license to practice in the state of Washington." *Id.*, ¶ 6.7. Plaintiff claimed that Dr. Phenix's "lack of professional and ethical conduct" caused him not to be released from SCC's total confinement to an LRA where he would have had more freedom to pursue entrepreneurial

endeavors and gainful employment. *Id*., ¶¶ 6.8, 6.9. Plaintiff indicated he was seeking damages in the amount of $500,000. *Id*. at 4.

Plaintiff's complaint was screened to determine if this action should be permitted to proceed and, on October 18, 2022, this Court issued an Order in which it advised Plaintiff that his complaint was deficient and that he would be given an opportunity to file an amended complaint. Dkt. 7. The Court explained therein that Plaintiff failed to allege in his complaint the basis of this Court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1), and the Court was unable to discern from the facts set forth in the complaint what Plaintiff believed the jurisdictional basis to be. *See id*. at 3. The Court further explained that Plaintiff's factual allegations lacked specificity in that he failed to clearly identify when the events he complained of occurred. *Id*. at 3-4. The Court thus concluded that Plaintiff failed to adequately state a claim for relief in his complaint and granted Plaintiff thirty days within which to file an amended complaint correcting the noted deficiencies. *Id*. at 4.

Plaintiff thereafter requested, and was granted, two extensions of the deadline to file his amended pleading. *See* Dkts. 8, 9, 10, 11. The Court received Plaintiff's amended complaint for filing on March 31, 2023. *See* Dkt. 12. Plaintiff's amended complaint addresses the two deficiencies specifically identified in the Court's Order declining to serve his original complaint. In particular, Plaintiff alleges therein a basis for this Court jurisdiction, *i.e.*, 28 U.S.C. §§ 1331 and 28 U.S.C. § 1343(a)(3), and he alleges additional facts in support of his claims that clarify when the events complained of occurred. *See id*. Plaintiff's claims, however, remain essentially the same.

Plaintiff again alleges that Dr. Phenix engaged in unprofessional and unethical conduct when she retracted her support for his LRA after initially supporting it. *See* Dkt. 12 at 10, 14-16.

Plaintiff further alleges that as a result of this unprofessional and unethical conduct, he lost his opportunity for release from total confinement to a LRA and for eventual unconditional release, and he lost his ability to pursue entrepreneurial endeavors and gainful employment. *Id*. at 16. Plaintiff claims that Dr. Phenix's "direct actions" caused him significant depression and mental anguish, loss of enjoyment of life, and loss of earning potential. *Id*. Plaintiff once again requests damages in the amount of $500,000, and he seeks declaratory relief as well. *See id.* at 17.

### III.     DISCUSSION

While Plaintiff addresses in his amended complaint the deficiencies previously identified by the Court, he has not demonstrated that this Court has jurisdiction over the claims he intends to assert in this action. As noted above, Plaintiff has paid the filing fee for this action. However, that does not preclude the Court from assessing the adequacy of Plaintiff's pleading to determine if this action should be permitted to proceed. The Ninth Circuit has explained that "'[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim'" upon which relief may be granted. *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (quoting *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981)). In addition, "federal courts are required sua sponte to examine jurisdictional issues[.]" *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff alleges in his amended complaint that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Section 1331 confers general "federal question" jurisdiction on the district courts. Specifically, this statute gives district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331.  Section 1343(a)(3), gives district courts original jurisdiction over any civil action "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."  28 U.S.C. § 1343(a)(3).

Plaintiff did not allege in his original complaint, nor does he allege or describe in his amended complaint, any violation of the United States Constitution or of a federal statute that is redressable by a private citizen in federal court.  Plaintiff claims that Dr. Phenix violated her "professional and ethical code of conduct as a licensed psychologist" in retracting her original support for his LRA.  However, a professional and/or ethical code of conduct for state-licensed psychologists is not created by federal law.  Because the harm Plaintiff alleges does not constitute a violation of his federal rights, neither § 1331 nor § 1343(a)(3) grants this Court jurisdiction to hear Plaintiff's case.

### IV.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed with prejudice, under Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

will be ready for consideration by the District Judge on **May 26, 2023**.

DATED this 1st day of May, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6